UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAUNDRA LATHAM, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-16-2821 |
| § | |
| WAL-MART STORES TEXAS, L.L.C., § | |
| § | |
| *Defendant*. § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant Wal-Mart Stores Texas, L.L.C.'s ("Wal-Mart") motion for summary judgment (Dkt. 17) and Plaintiff Saundra Latham's motion for continuance of summary judgment (Dkt. 18). Having considered the motions, record evidence, and applicable law, the court is of the opinion that Wal-Mart's motion should be GRANTED IN PART AND DENIED IN PART. Latham's motion should be GRANTED.

**I. BACKGROUND**

Latham brings this action against defendant Wal-Mart Stores Texas, L.L.C. ("Wal-Mart"), alleging gross negligence and premises liability. Dkt. 1-2. Latham claims that on June 15, 2016, she slipped in a "transparent liquid that appeared to be water" on the floor inside a Wal-Mart store located at 2700 S. Kirkwood Rd., Houston, Texas 77077. Dkt. 18. Latham contends that after she fell, she noticed the puddle looked "like a glaze" or "a thin sheet." *Id.* This suggested to her the puddle had been there "for some time." *Id.* Latham asserts that as a result of the fall, she fractured her patella and suffered injuries to other parts of her body. Dkt. 1-2.

Latham's spouse, Christopher Starks, was with Latham at the time of her fall. Dkt. 18-2. Starks also saw the puddle, but only after Latham's fall. *Id.* He describes the liquid as "thin to the

floor like it had been sitting." *Id.* at 6. Both Latham and Starks claim they passed a Wal-Mart associate exiting the aisle of the incident shortly before Latham's fall. *Id.* at 12; Dkt. 18-1 at 10. Latham alleges her husband and three Wal-Mart managers attended to her after her fall. Dkt. 18-1 at 9. According to Latham, the managers had Latham fill out a form, took pictures of the scene, and wiped up the spill. *Id.*

On August 19, 2016, Latham filed this lawsuit against Wal-Mart. Dkt. 1-2. Latham alleges that Wal-Mart is liable for gross negligence and premises liability. *Id.* Latham claims that as a result of the incident she sustained substantial injuries and is entitled to loss of past and future earnings, medical expenses, pain and mental anguish, and other damages. Dkt. 1-2. Latham seeks all legally recoverable damages, including pre- and post-judgment interest, as a result of these injuries. *Id.* at 6.

Wal-Mart removed the lawsuit to this court based on diversity jurisdiction. Dkt. 8. On April 19, 2017, the court granted an agreed motion to amend that extended the discovery deadline to August 14, 2017. Dkt. 16. On April 28, 2017, Wal-Mart moved for summary judgment. Dkt. 17. On May 18, 2017, Latham filed a response to the motion for summary judgment, in which she requested a continuance for further discovery. Dkt. 18. The motion for summary judgment and Latham's request for a continuance are now ripe for disposition.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets

its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall., Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

### III. ANALYSIS

Wal-Mart seeks summary judgment on all of Latham's claims, asserting that Latham lacks sufficient evidence to demonstrate genuine issues of material fact. Dkt. 17. Latham responded to this argument and also requested a continuance for further discovery. Dkt. 18. The court will first discuss whether Wal-Mart is entitled to summary judgment under the current record. The court will then address Latham's request for a continuance.

**A.    Gross Negligence**

Latham acknowledges in her response to Wal-Mart's motion for summary judgment that there is no evidence to support a finding of gross negligence and agrees to amend her complaint to drop this claim. Dkt-18. Accordingly, the court GRANTS Wal-Mart's motion for summary judgment on Latham's gross negligence claim.

**B.    Premises Liability**

Latham raises a premises liability claim under Texas law. Dkt. 1-2. Because Latham was in the Wal-Mart store to buy goods with Wal-Mart's permission, Texas law defines Latham as an invitee. *See Rosas v Buddie's Food Store*, 518 S.W.2d 534, 536 (Tex. 1975). Wal-Mart owes invitees "a duty to exercise reasonable care to protect [them] from dangerous conditions in the store known or discoverable to it." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). To recover damages on a premises liability claim, an invitee plaintiff must prove four elements:

(1) Actual or constructive knowledge of some condition on the premises by the owner/operator;
(2) That the condition posed an unreasonable risk of harm;
(3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
(4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Granados v. Wal-Mart Stores, Inc.*, 653 F.App'x. 366, 367 (5th Cir. 2016) (citing *Gonzalez*, 968 S.W.2d at 936). Wal-Mart moves for summary judgment on the premises liability claim, asserting that Latham has not established the knowledge element. Dkt. 17. A slip-and-fall plaintiff can satisfy the knowledge element of a premises liability claim in three ways. The plaintiff can prove that the defendant:

(1) Put the foreign substance on the floor; or
(2) Knew that the foreign substance was on the floor and negligently failed to remove it; or
(3) That the foreign substance was on the floor so long that it should have been discovered and removed in the exercise of ordinary care.

*Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992). The first two ways of proving a defendant's knowledge address actual knowledge. *Id.* The third way requires the plaintiff to demonstrate the defendant's constructive knowledge. *Id.*

1. *Actual Knowledge*

Wal-Mart asserts that Latham has provided no evidence that Wal-Mart actually knew of the substance on the floor prior to Latham's fall. Dkt. 17. Latham does not challenge this claim in her response to Wal-Mart's motion for summary judgment. Dkt. 18. Because Latham has not produced any evidence that Wal-Mart had actual knowledge of the dangerous condition at the time of her injury, her claim must rely on showing Wal-Mart had constructive knowledge of the hazard.

4

*2. Constructive Knowledge*

When determining whether a defendant had constructive knowledge of a hazardous condition, the court must consider evidence of (1) longevity, (2) proximity, and (3) conspicuousness. *Pena v. Home Depot U.S.A., Inc.*, 32 F. Supp. 3d 792, 798 (S.D. Tex. 2013) (Hanen, J.) (applying Texas law). To demonstrate constructive knowledge, the plaintiff has to show that it is more likely than not that the substance was present on the floor long enough to give Wal-Mart a reasonable opportunity to discover and remove the substance in the exercise of ordinary care. *Keetch*, 845 S.W.2d at 265.

To determine whether a defendant had a reasonable opportunity to discover and remove a substance, courts use the time-notice rule. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002). The time-notice rule states that temporal evidence is the best indicator for whether a premises owner had a reasonable opportunity to discover and remove a dangerous condition. *Id.*

Temporal evidence demonstrates a hazardous condition existed for some definite length of time before an incident occurred. *See Yin v. Wal-Mart Stores Tex., LP*, No. B–09–26, 2009 WL 3753491 (S.D. Tex. Nov. 6, 2009) (Tagle, J.) (applying Texas law). Without temporal evidence, there is no basis upon which the fact finder can reasonably assess the liability of the premises owner for failing to discover and remedy a dangerous condition. *Reece*, 81 S.W.3d at 816. The well-established rule is that a plaintiff's opinion as to the length of time the dangerous condition existed amounts to nothing more than conjecture. *See id.*

Similarly, mere proximity of an employee, without proof of how long a substance was on the floor, is insufficient to support constructive notice. *See id.* Employee proximity merely indicates that it was possible for the premises owner to discover the condition, not that the premises owner reasonably should have discovered it. *Id.* The Texas Supreme Court has recognized that the

constructive knowledge standard is harsh and demanding on plaintiffs. *Gonzalez*, 968 S.W.2d at 938.

Latham claims the puddle had been there for a while because of its glaze-like appearance. *See* Dkt. 18-1 at 12. The plaintiff's husband also testified the puddled substance was thin, which suggested to him the puddle had been there an extended length of time. Dkt. 18-2 at 6. Wal-Mart argues that the plaintiff's subjective belief has no evidentiary value. Dkt. 17. Wal-Mart is correct. Texas courts have determined a plaintiff's opinion about the length of time a substance has been on the floor is not sufficient temporal evidence. *See Gonzalez*, 968 S.W.2d at 938; *Kimbell, Inc. v. Roberson*, 570 S.W.2d 587, 590 (Tex. Civ. App.—Tyler 1978, no writ).

Latham's claim that a Wal-Mart employee was near the substance before the incident occurred also does not add any substantive support to overcome her lack of temporal evidence. *See Del Toro v. Pay & Save, Inc.*, 444 S.W.3d 293, 297 (Tex. App.—El Paso 2014, pet denied). In *Del Toro*, the court held that neither an employee "within mere feet of a puddle" nor six different employees "within the [puddle's] direct vicinity" were enough to satisfy the constructive-notice requirement. *Id.* Like the plaintiff's claims in *Del Toro*, Latham's claim of a Wal-Mart employee near the puddle before the incident is insufficient to prove constructive notice because Latham still lacks temporal evidence that would give import to the associate's proximity.

The facts of Latham's case are distinguishable from the facts of Texas cases in which courts have held that there was sufficient evidence of constructive knowledge. *See, e.g*, *H. E. Butt Grocery Co. v. Hawkins*, 594 S.W.2d 187, 189 (Tex. App.—Corpus Christi 1980, no writ); *J. Weingarten, Inc. v. Tripplett*, 530 S.W.2d 653, 654 (Tex. App.—Beaumont 1975, writ ref'd n.r.e.). In *H. E. Butt Grocery Co.*, the court held the defendant had constructive knowledge in a slip-and-fall case because the defendant knew that puddles of water accumulated on the premises on rainy days. 594 S.W.2d

at 189. Latham has produced no similar circumstantial evidence of Wal-Mart's constructive knowledge.

The plaintiff in *J. Weingarten, Inc.* produced a "water evaporation specialist," who testified that a foreign substance the plaintiff slipped on was on the floor for 28.8 minutes. 530 S.W.2d at 654. The court held the expert's testimony was sufficient temporal evidence to raise a fact issue as to the defendant's constructive knowledge. *Id.* Because neither Latham nor her husband are experts on puddles, their testimony does not carry the same weight as the expert's opinion in *J. Weingarten, Inc*. At this point in time, Latham has failed to produce any evidence establishing Wal-Mart's constructive knowledge of the dangerous condition as a matter of law.

## C. Rule 56(d) Motion

Latham moves for a continuance under Federal Rule of Civil Procedure 56(d). Dkt 18. Rule 56 requires the court to grant summary judgment, "after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. When facts are unavailable to the nonmovant, the nonmovant can submit an affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition to the motion for summary judgment. Fed. R. Civ. P. 56(d).

Rule 56 does not define an adequate time for discovery, but Rule 56(d) supports continuance of a motion for summary judgment for purposes of discovery almost as a matter of course, unless the non-moving party has not diligently pursued discovery. *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 918 (5th Cir. 1992). The law broadly favors motions for continuance of summary judgment to conduct additional discovery, and judges should liberally grant these motions to safeguard non-moving parties from summary judgment motions that they cannot adequately

oppose. *Am. Fam. Life Assur. Co. of Columbus v. Biles,* 714 F.3d 887, 894 (5th Cir. 2013) (per curiam).

General requirements that the nonmovant must establish to receive continuance for discovery purposes are: requesting extended discovery prior to the court's ruling on summary judgment; putting the trial court on notice that the party is seeking further discovery pertinent to the summary judgment motion; and demonstrating to the trial court specifically how the requested discovery pertains to the pending motion. *Wichita Falls*, 978 F.2d at 918. Non-moving parties requesting continuance of summary judgment may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts. *Am. Fam. Life*, 714 F.3d at 894. The party seeking additional time must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist. *Id.* Further, the party must indicate how the emergent facts will influence the outcome of the pending summary judgment motion. *Id.*

On April 12, 2017, both parties submitted an agreed motion to amend to extend the discovery deadline to August 14, 2017. Dkt. 13. The court granted this amended discovery deadline on April 19, 2017. Dkt. 16. Wal-Mart then submitted its no-evidence motion for summary judgment on April 28, 2017. Dkt. 17. Latham responded to Wal-Mart's motion on May 18, 2017. Dkt. 18. Latham contends that she has not had enough time to pursue discovery, and the deadline for discovery has not passed. *Id.* Latham specifically mentions that she has not had adequate time to take a deposition of the alleged employee in the area before the incident occurred. *Id.* Additionally, Latham claims that the video footage of the incident she received from Wal-Mart is corrupted and unusable. *Id.*

Latham has put the court on notice that she requires more discovery to adequately oppose Wal-Mart's motion for summary judgment. She has cited two specific sources of information that could play a vital role in demonstrating Wal-Mart's constructive or actual knowledge of the puddled

substance. The deposition or video footage may provide Latham with adequate evidence to overcome the summary judgment motion. Because Latham has not had adequate time to conduct discovery, and has complied with the necessities of rule 56(d), the court GRANTS Latham's Rule 56(d) motion.

## IV. CONCLUSION

Wal-Mart's motion for summary judgment (Dkt. 17) is GRANTED IN PART AND DENIED IN PART. It is GRANTED with respect to Latham's gross negligence claim, which is DISMISSED WITH PREJUDICE. It is DENIED WITHOUT PREJUDICE with respect to Latham's premises liability claim. Latham's request for a continuance (Dkt. 18) is GRANTED; the court will consider no further motions for summary judgment until the close of discovery.

Signed at Houston, Texas on July 6, 2017.

_____
Gray H. Miller
United States District Judge