UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAUNDRA LATHAM | § § | |
| VS. | § § § | C.A. NO. 4:16-cv-2821 |
| WAL-MART STORES TEXAS, L.L.C. | § | JURY DEMANDED |

<u>**DEFENDANT, WALMART STORES TEXAS, LLC S'**</u>
<u>**RE-URGED MOTION FOR SUMMARY JUDGMENT**</u>

COMES NOW, Defendant, **WAL-MART STORES TEXAS, LLC** and files this Motion for Summary Judgment and would show the Court the following:

### I. NATURE AND STAGE OF THE PROCEEDINGS

1.  Plaintiff sued defendant for personal injuries and damages arising out of an alleged "slip and fall" incident at a Wal-Mart Store.

2.  The incident made the basis of this lawsuit allegedly occurred on or about June 15, 2016. Specifically, plaintiff alleges she injured her patella on other areas of her body as a result of a "transparent liquid that appeared to be water" on the floor." *See* Exhibit A, Plaintiff's Original Petition.

3.  Plaintiff filed suit in state court against defendant alleging negligence and gross negligence. *See* Exhibit A. Defendant removed this matter to federal court on September 19, 2016.

4.  Defendant filed its First Motion for Summary Judgment on April 28, 2017.

5.  Plaintiff filed her Response on May 18, 2017, in which plaintiff argued that Summary Judgment was premature and requested a continuance. (Dkt. 18).

6. The Court granted Latham's request for a continuance on July 6, 2017, after noting "at this point in time, Latham has failed to produce any evidence establishing Wal-Mart's constructive knowledge of the dangerous condition as a matter of law." (Dkt 19, p. 7).

7. The discovery period in this matter closed on August 14, 2017, after being extended to this date by the agreement of the parties.

8. On August 8, 2017, plaintiff's counsel deposed Jorge Galvan and Jose Menjivar, a Co-Manager and Assistant Manager who responded to this this incident. Mssrs. Galvan and Menjivar were unable to provide any additional information regarding how or when the alleged substance came to be on the floor. As such, defendant re-urges its Motion for Summary Judgment as there is still no evidence establishing Wal-Mart's constructive knowledge of the dangerous condition as a matter of law.

## II. ISSUE

9. This Motion presents the Court with the following issue:

   a. Whether Wal-Mart had actual or constructive knowledge of the alleged unreasonable dangerous condition; and

## III. SUMMARY JUDGMENT STANDARD

10. Rule 56(a) of the Federal Rules of Civil Procedure provides that "the court shall grant summary judgment" if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*,

477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Williams v. Adams*, 836 F.2d 960 (5th Cir. 1988). Once a proper motion has been made, the non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322-23; *Anderson*, 477 U.S. at 257. This burden is not satisfied by 'some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.' *Little v. Liquid Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994).

11. Rule 56 requires the court to grant summary judgment, "after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. *Pena v. Home Depot U.S.A., Inc.*, 32 F.Supp.3d 792, 796 (S.D. Tex. 2013). The court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Summary judgment is mandated if the non-movant fails to make a showing sufficient to establish the existence of an element essential to its case on which it bears the burden of proof at trial. *Celotex*, 477 U.S. at 322.

12. In support of its motion for summary judgment. Defendant gives notice that it intends to rely on the following summary judgment evidence:

> **Exhibit "A" – Plaintiff's Original Petition;**
>
> **Exhibit "B" – Saundra Latham's Deposition Transcript Excerpts; and**
>
> **Exhibit "C" – Christopher Starks' Deposition Transcript Excerpts.**

### IV. ARGUMENT AND AUTHORITIES

A.  *No Evidence of Actual Knowledge*

13. Under the principle of premises liability in Texas, a land owner's duty of care to its visitors varies "depending on the legal status of the visitor." *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996). As an invitee, plaintiff must satisfy the following elements in order to establish a premises liability claim: (1) actual or constructive knowledge of some condition on the premises by defendant; (2) the condition posed an unreasonable risk of harm; (3) defendant did not exercise reasonable care to reduce or eliminate the risk; and (4) defendant's failure to use such care proximately caused plaintiff's injuries. *Wright V. Wal-Mart Stores, Inc.*, 73 S.W.3d 552, 554 (Tex.App.-Houston [1 Dist.] 2002, no pet. hist.)

14. Accordingly, Wal-Mart owed a duty to exercise reasonable care to protect her from dangerous store conditions *known or discoverable to it. Id.* (emphasis added). However, this duty cannot be construed to "make the [land] possessor an insurer of the invitee's safety. *Wal-Mart Store, Inc. v. Gonzales*, 968 S.W.2d 934, 936 (Tex. 1998) (citing *McElhenny v. Thielpepape*, 285 S.W.2d 940, 941 (Tex. 1956)).

15. The question of whether a defendant knew or should have known of an unreasonably dangerous condition is the threshold question in any premises liability case. *See Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1 (Tex. 1996). A landowner owes its invitees a duty to exercise ordinary care to protect them from only those risks of which the owner is actually aware and of those risks of which the owner should be aware after reasonable inspection. *Id.* Without evidence that defendant had actual or constructive knowledge of the alleged unreasonably dangerous condition, plaintiff cannot prevail, as a matter of law, in her cause of action.

16. To prove actual knowledge, Plaintiff must produce evidence that Wal-Mart actually knew of the dangerous condition when she was injured. *City of Denton v. Paper*, 376

S.W.3d 762, 767 (Tex. 2012). There is no evidence that Wal-Mart actually knew of the substance on the floor prior to plaintiff's fall. Because there is no evidence that Wal-Mart had actual notice of the substance, plaintiff must produce evidence that Wal-Mart had constructive notice, or should have known, that the substance was on the floor prior to her fall.

### B.   *No Evidence of Constructive Knowledge*

17.   To prove constructive notice, plaintiff must produce evidence that the condition existed long enough for Wal-Mart to discover it through reasonable inspection. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102-03 (Tex.2000); *Wal-Mart Stores v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002). Evidence establishing only the possibility that a dangerous condition existed long enough to give Wal-Mart an opportunity to discover it does not prove constructive notice. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). The evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition. *Id.*

18.   In *Gonzalez*, the Texas Supreme Court clarified the quantum of circumstantial evidence which is legally sufficient to support a finding that an unreasonably dangerous condition had existed long enough to charge the proprietor with constructive notice of the condition. In the *Gonzalez* case, the dangerous substance was macaroni on the floor. The Court found that testimony that the macaroni had dirt in it was no evidence as to how long the macaroni had been on the floor. *Id.* at 937. Further the Texas Supreme Court found that testimony that the macaroni salad "seemed like it had been there a while" was "mere speculative, subjective opinion of no evidentiary value." *Id.* at 937- 938.

19. In this case the both plaintiff and her husband testified that they did not see how the clear substance came to be on the floor.

Q. Do you know how the water that you slipped in got onto the floor?
A. No.

*Exhibit B,* Deposition of Saundra Latham, p. 37, line 4-6.

Q. Did you see how the liquid came to be on the floor?
A. No, I did not.

*Exhibit C,* Deposition of Christopher Starks, p. 14, line 3-5.

20. While plaintiff (and Mr. Starks) testified she believed that the water had been on the floor for some time, the only evidence she offered to support this testimony was her belief that "it had to have been there for some time because like I said, it had spread." *Exhibit B,* Deposition of Saundra Latham p. 37, line 8-9. This is mere speculative, subjective opinion with no evidentiary value, especially given that plaintiff did not observe the liquid prior to her accident. Plaintiff acknowledges that she looked at the puddle on the floor after her foot had already been through it.

Q. Okay. And you saw the puddle after your foot had already went through it?
A. Yeah.

*Exhibit B,* Deposition of Saundra Latham, P. 40, line 3-5. Plaintiff's testimony that it seemed like it had been there a while is no evidence of the temporal condition.

21. In *Wal-Mart v. Reece*, 81 S.W.3d 812, 815-16 (Tex. 2002), the Texas Supreme Court held that "without some temporal evidence, there is no basis upon which the fact finder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." In *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102-03 (Tex.2000), the Court declined to limit the temporal element of premises liability in slip-and-fall cases, and disapproved the lower court's refusal to apply the 'time-notice rule' simply because it might be impossible for the plaintiff to

show knowledge. Thereafter, the Fifth Circuit reiterated the importance of temporal evidence when it reversed a district court's denial of a defendant's motion for judgment as a matter of law in a slip-and-fall premises liability case and stated that "the harsh reality.., is that if a plaintiff cannot prove facts to establish that it is more likely than not that the dangerous condition existed long enough that a proprietor should have known of its presence, there is simply no basis for recovery." *Threlkeld v. Total Pretroleum, Inc.*, 211 F.3d 887, 893 (5th Cir. 2000) (citing *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 938 (Tex.1998))."

22. Similarly any testimony by plaintiff that an employee was in the vicinity of her accident is not sufficient to show constructive notice. Mere proximity of an employee, without proof a how long the spill was on floor is insufficient to support constructive notice. *Reece*, 81 S.W.3d at 816. The Texas Supreme Court held that:

> An employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was possible for the premises owner to discover the condition, not that the premises owner reasonably should have discovered it.

*Reece*, 81 S.W.3d at 816.

18. The fact that "proof of causation is difficult does not provide a plaintiff with an excuse to avoid introducing some evidence of causation." *See Wal-Mart V. Gonzalez*, 968 S.W.2d at 937 (citing *Schaefer v. Texas Employers Ins. Assoc.*, 612 S.W.2d 199, 205 (Tex. 1980). When circumstantial evidence is relied upon to prove constructive notice, the evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition. *Id.* at 936. Subjective beliefs are no more than conclusions and are not competent summary judgment evidence. *Id.* at 934.

23. In this case, plaintiff has failed to produce or identify any evidence of the length of time the alleged condition existed prior to her incident. Accordingly, summary judgment is proper in this matter because plaintiff has failed to establish that: (1) defendant was aware of the alleged condition; and (2) because there is no evidence pertaining to the length of time the alleged condition existed or that it existed long enough that Defendant should have discovered the condition.

## IV. CONCLUSION AND PRAYER

24. There is no genuine issue of material fact in support of plaintiff's claims. As such, plaintiff's claims should be dismissed as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant Wal-Mart Stores, L.L.C. prays this Court grant its Motion for Summary Judgment on plaintiff's claims and for such other and further relief, special or general, at law or in equity, to which it may show itself justly entitled to receive.

Respectfully submitted,

DAW & RAY, LLP

/s/ *Allison R. Miller*
Willie Ben Daw, III; TBN: 05594050
Email: wbdaw@dawray.com
Allison R. Miller; TBN: 24074713
Email: amiller@dawray.com
5718 Westheimer, Suite 1750
Houston, Texas 77057
(713) 266-3121 Telephone
(713) 266-3188 Facsimile

**ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, L.L.C.**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all known counsel of record by Certified Mail, Return Receipt Requested, Facsimile, and/or Hand Delivery on this the 15th day of August, 2017.

| | |
|---|---|
| Michael E. Pierce | *Via Email:* Michael@pstriallaw.com |
| James Lamey | *Via Email:* james@pstriallaw.com |
| PIERCE SKRABANEK BRUERA, PLLC | *Via Email:* service@pstriallaw.com |
| 3701 Kirby Drive, Suite 760 | |
| Houston, Texas 77098 | |

/s/ *Allison R. Miller*
Willie Ben Daw, III / Allison R. Miller

## CERTIFICATE OF CONFERENCE

The undersigned does hereby certify that she conferred with plaintiff's counsel James Lamey and counsel is opposed to this Motion.

/s/ *Allison R. Miller*
Willie Ben Daw, III / Allison R. Miller